FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 7 2009

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | COMPLAINT |
| THE SERVICEMASTER COMPANY and THE TERMINIX INTERNATIONAL COMPANY, L.P., d/b/a TERMINIX ) ) ) ) | 5:09-CV-0233 JMM |
| ) | **JURY TRIAL DEMAND** |
| Defendants. ) ) ) | This case assigned to District Judge Moody and to Magistrate Judge Volpe |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*; the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k); and Title I of the Civil Rights Act of 1991, 42 U.S.C. 1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Heather White who was adversely affected by such practices. The Commission alleges that Defendants placed Heather White on a forced medical leave and terminated her employment at Terminix in McGehee, Arkansas because of her sex (pregnancy) in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) and of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and 3 ("Title VII"), and the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k).

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Pine Bluff Division.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f)(1) and (3).

4.      At all relevant times, Defendants, The ServiceMaster Company and The Terminix International Company, L.P., d/b/a Terminix ("Defendant Employers"), have continuously been doing business in the State of Arkansas and the City of McGehee and have continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Heather White filed a charge with the Commission alleging violations of Title VII by Defendant Employers.   All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least on or about August of 2007 Defendant Employers have engaged in unlawful employment practices at its McGehee, Arkansas facility in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a).   The unlawful practices include, but are not limited to, discriminating against Heather White by placing her on a forced medical leave

2

of absence and terminating her employment because of her pregnancy.

8.      Heather White was hired by Defendant Employers as a pest technician on or about June of 2005.  Ms. White's job duties included servicing commercial and residential locations for controlling wood destroying insect infestations and/or pest problems.

9.      Ms. White informed Defendants of her pregnancy on or about June of 2007. Because of the pregnancy, by letter dated June 21, 2007, Ms. White's doctor restricted her from working with pesticides.

10.     Defendant Employers permitted Ms. White to conduct termite re-inspections for approximately one month.  During this process commercial and residential buildings were inspected for termite infestation.  Termite re-inspections can be completed without exposure to pesticides.

11.     On or about August 1, 2007, Defendant Employers informed Ms. White that there were not enough re-inspections and placed her on a medical leave of absence.

12.     At the time Defendant Employers placed Ms. White on medical leave, there were approximately 1,474 re-inspections scheduled for July through December 2007.

13.     Defendants' medical leave policy provides for six months of leave.

14.     By placing Ms. White on a leave of absence early in her pregnancy, Defendant Employers knew or should have known that Ms. White would not be able to return to work following the birth of her child within the six month time frame.

15.     Within three weeks of forcing Ms. White to take medical leave, Defendants hired two male employees whose job duties included conducting re-inspections.

16.     Ms. White was fully qualified to conduct these inspections, and conducting these inspections would not have conflicted with her medical restrictions.  Defendant Employers

3

subjected Ms. White to adverse treatment due to her pregnancy.

17.     Defendant Employers terminated Heather White's employment when she did not return within the six month time frame provided in Defendants' medical leave policy.  Ms. White received a letter from Defendant Employers dated January 2, 2008, stating that she would be terminated on February 5, 2008.

18.     The effect of the practices complained of above has been to deprive Heather White of equal employment opportunities and otherwise adversely affect her status as an employee.

19.     The unlawful employment practices complained of in paragraphs 7-18 above were and are intentional.

20.     The unlawful employment practices complained of in paragraphs 7-18 above were and are done with malice or with reckless indifference to the federally protected rights of Heather White.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employers, their officers, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex and pregnancy.

B.      Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant females and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employers to make whole Heather White by providing appropriate backpay with prejudgment, interest in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement to a job comparable to the one from which she was removed.

D.      Order Defendant Employers to make whole Heather White by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical and/or counseling expenses, job search expenses, and other appropriate expenses, in amounts to be determined at trial.

E.      Order Defendant Employers to make whole Heather White by providing compensation for past and future non pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Employers to pay Heather White punitive damages for their malicious and/or reckless conduct described above, in an amount to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*F. Williams / by WAC*

**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

5

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Memphis District Office
1407 Union Avenue, Ste. 901
Memphis, Tennessee 38104
(901) 544-0088
faye.williams@eeoc.gov


WILLIAM A. CASH, JR.
Supervisory Trial Attorney
Arkansas Bar No. 88081


PAMELA B. DIXON
Senior Trial Attorney
Arkansas Bar No. 95085

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Ste. 200
Little Rock, Arkansas 72201
Telephone:     (501) 324-5539
               (501) 324-5065
william.cash@eeoc.gov
pamela.dixon@eeoc.gov