FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 01 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| PLAINTIFF, | ) ) ) |
| v. | ) ) |
| THE SERVICEMASTER COMPANY and THE TERMINIX INTERNATIONAL LP, d/b/a TERMINIX, | ) ) ) ) |
| DEFENDANT. | ) ) |

CIVIL ACTION NO.
5:09-cv-0233 JMM

## CONSENT DECREE

Plaintiff, Equal Employment Opportunity Commission (hereinafter the "Commission"), has instituted this action on behalf of Heather White alleging that Defendants, The ServiceMaster Company and The Terminix International Company, L.P., d/b/a Terminix, ("Defendant"), forced Ms. White to take medical leave and thereafter discharged her because of her sex, female, pregnancy and childbirth in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pregnancy Discrimination Act of 1978, 42 U.S.C. Section 2000e(k). Defendants deny that they engaged in any unlawful employment practices as alleged by the Commission or that they otherwise violated Title VII or the Pregnancy Discrimination Act.

In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this

action. Further, this Consent Decree shall not be admissible in any other action now pending or which may be filed in the future, except as to enforcement proceedings.

This Consent Decree constitutes the complete and exclusive agreement between the parties with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by both parties. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Consent Decree.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations, the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

### I. JURISDICTION

The United States District Court for the Eastern District of Arkansas, Pine Bluff Division, has jurisdiction over the parties and subject matter of this litigation.

### II. SCOPE AND DURATION OF DECREE

1. By entering into this Consent Decree, the parties do not intend to resolve any charge of discrimination currently pending before the Commission other than Charge No. 493-2008-00501 filed by Heather White that created the procedural foundation for the complaint in this case.

2. This Decree shall not be considered in any manner to be dispositive of any other charges now pending before any office of the Commission, or other lawsuits, if any, pending against Defendants other than this lawsuit and Charge No. 493-2008-00501.

3. The terms of this Decree shall be in effect for two years from the date of entry, which shall be considered as the Effective Date of this Decree, and apply only to Terminix's "Little Rock Region" which includes the McGehee, Arkansas Terminix branch and eight other Terminix branches in the same region.

### III. INJUNCTIVE RELIEF

4. Defendants, their officers, agents, management, (including supervisory employees), successors and assigns, in the Little Rock Region are enjoined from unlawfully placing pregnant employees on leaves of absence.

5. Defendants, their officers, agents, management, (including supervisory employees), successors and assigns, in the Little Rock Region are enjoined from terminating the employment of an employee on maternity leave in violation of Title VII of the Civil Rights Act of 1964, as amended.

6. Defendants, its officers, agents, employees, and all persons acting in concert with it in the Little Rock Region, are enjoined from retaliating against pregnant employees for participating in any proceeding under Title VII or for opposing discriminatory employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

### IV. GENERAL RELIEF AND TRAINING

7. Within 30 days of entry of this Decree, Defendant shall create a written policy concerning pregnancy discrimination. After creation of such policy, Terminix will disseminate the policy to all employees in its Little Rock Region and post it at the Terminix branches located within the Little Rock Region. The policy will include the following statement:

Terminix does not unlawfully discriminate against pregnant pest technicians who cannot be exposed to, or handle chemicals. Pregnant pest technicians may be temporarily reassigned if:

(1) the pregnant pest technician is otherwise qualified for her pest technician position;

(2) the pregnant pest technician is also qualified for the temporary reassignment position;

(3) the pregnant pest technician has presented a note from a physician instructing the pregnant pest technician not to work around chemicals for the duration of her pregnancy;

(4) there is an available position to which a pregnant pest technician may be reassigned with the current branch in which the pregnant pest technician is employed or any other Little Rock Region branch within reasonable driving distance of the branch where the technician is employed; And

(5) this temporary reassignment will not impose an undue burden on the branch in which the pregnant pest technician is employed.

If a pregnant pest technician meets the qualifications set forth in the policy, she may be temporarily reassigned for the duration of her pregnancy or until she takes a voluntary medical leave of absence.

8. Defendant shall require each employee to read and acknowledge receipt of the policy referred to in Paragraph 7 once a copy of the policy has been provided to the employee. Thereafter, whenever a new employee is hired in the Little Rock Region, he or she will be required to read and acknowledge receipt of a copy of the policy and will be given a copy of the policy for their own records.

9. Defendants' Human Resources Manager, a qualified outside consultant or counsel, having specialized knowledge of employment discrimination law, will conduct

sex discrimination training for all supervisory and management personnel employed at Terminix branches in its Little Rock Region. This training shall be mandatory for all management-level employees, including but not limited to branch managers, and shall be conducted within 90 days of the Effective Date.

10. The training topics presented by the trainer shall include, at a minimum, (i) Title VII's prohibition of sex discrimination that includes pregnancy discrimination and retaliation with respect to any term, condition or privilege of employment; (ii) Defendants' policies and procedures for the prevention of sex discrimination generally and as they relate to pregnancy specifically; and (iii) Defendants' procedures for reporting, investigating and remedying sex discrimination or retaliation complaints in the workplace.

11. Within 120 days of the Effective Date of this Consent Decree, Defendants shall provide the Commission with copies of the training materials and related documentation evidencing the accomplishment of training for all supervisory and management personnel at all Terminix branches located in the Little Rock Region. The aforementioned documentation shall include the names and positions of individuals attending the training, the time each individual spent at the training, and the date the training was conducted.

12. All reporting to the Commission required by this section shall be made to Celia Liner, Senior Trial Attorney; Equal Employment Opportunity Commission; 1407 Union Avenue, Suite 901, Memphis, Tennessee 38104.

13. Defendants' Human Resources Manager shall maintain a record of each person trained pursuant to paragraph 9.

## V. INDIVIDUAL RELIEF

14. Defendants shall pay Heather White the total sum of $80,000.00 within seven days of the Effective Date of this Decree as follows:

    a. $50,000.00 shall be designated as back pay plus interest and paid in one check as wages; and

    b. $30,000.00 shall be designated in a second check as non-pecuniary damages arising from allegations made in her claim of discrimination and this lawsuit.

    c. Defendant shall forward the checks to Heather White, 4590 Wallstreet Lane, Pine Bluff, Arkansas 71603.

    d. Defendants shall issue a W-2 form to Ms. White for the amount in subparagraph a, above.

15. Defendants shall be responsible for all State and Federal withholding, as applicable, with respect to the payment made under paragraph a, above. Ms. White will be responsible for individual tax consequences related to the payment in subparagraph b, for which Defendants will issue a Form 1099 as non-pecuniary damages.

16. Photocopies of the front and back of both checks to Ms. White shall be mailed to the attention of Celia S. Liner, Senior Trial Attorney; Equal Employment Opportunity Commission; 1407 Union Avenue, Suite 901, Memphis, Tennessee 38104.

## VI. POSTING AND POLICIES

17. Defendants shall post and cause to remain displayed the poster required by Section 711 of Title VII, 42 U.S.C. § 2000e-10(a).

18. Defendants shall also post and keep posted in a location where notices to employees are customarily posted a copy of its policy and procedures for reporting or preventing discrimination in the workplace.

## VII. SEMI-ANNUAL REPORTING

19. Defendants shall, for periods indicated below, submit to the Commission semi-annual reports identifying any of the following if occurring in any Terminix branch located in its Little Rock Region: a) any technician who has informed Defendants of her pregnancy; b) any request from a pregnant technician's doctor that she no longer handle or be exposed to chemicals; c) Defendants' response to the request in (b); d) the date of requested medical leave by the pregnant technician; e) the date of return from medical leave or termination of the employee; and f) the reason for termination if occurring within 6 months of the birth of the employee's child.

20. The first report shall be submitted six (6) months after the Effective Date. The second report shall be submitted within twelve (12) months after the Effective Date. The third report shall be submitted within eighteen (18) months after the Effective Date. The fourth report shall be submitted within twenty two (22) months after the Effective Date. These reports shall be sent to Celia S. Liner, Senior Trial Attorney at the Memphis District Office address with a statement identifying such report as being submitted pursuant to this Decree.

## VIII.  NEUTRAL REFERENCE

21.  Defendants shall provide neutral job references upon request to any future employer of Heather White.  Any such neutral reference shall be identical to the form demonstrated in Appendix A.  No mention of Ms. White's charge of discrimination or this lawsuit shall be made as part of the neutral reference.

## IX.  NOTIFICATION OF SUCCESSORS

22.  Defendants shall provide prior written notice to any potential purchaser of defendant's business, or a purchaser of all or a portion of defendant's assets, and to any other potential successor, of the Commission's lawsuit, the allegations raised in the Commission's complaint, and the existence and contents of the Decree.

## X.  ENFORCEMENT

23.  If the Defendants fail to comply with the terms of this Decree, in whole or in part, the Commission has a right to enforce the obligations under the Decree.  The Commission shall provide ten days notice to Defendants of any deficiency in complying with the terms of the decree.  If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendants' compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XI.  COSTS

24.  Each party shall bear that party's own costs, attorneys' fees, and expenses.

_____
JAMES M. MOODY
UNITED STATES DISTRICT JUDGE

DATE: 7/1/10

| FOR DEFENDANTS: | FOR THE COMMISSION: |
|---|---|
| | P. DAVID LOPEZ<br>General Counsel |
| *[signature]*<br>J. MATTHEW STEPHENS<br>Lawrence & Russell, PLC<br>5178 Wheelis Drive<br>Memphis, Tennessee 38117<br>Attorney for Defendants | GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br><br>*[signature]*<br>FAYE A. WILLIAMS, TN #011730<br>Regional Attorney |
| *[signature]*<br>On behalf of The ServiceMaster<br>Company and The Terminix International<br>Company. L.P. | *[signature]*<br>CELIA S. LINER, AR #90183<br>Senior Trial Attorney<br><br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>1407 Union Avenue, Suite 901<br>Memphis, Tennessee 38104<br>celia.liner@eeoc.gov<br><br>*[signature]*<br>WILLIAM A. CASH, JR., AR #88018<br>Supervisory Trial Attorney<br><br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>820 Louisiana Street, Suite 200<br>Little Rock, AR 72201<br>william.cash@eeoc.gov |

## APPENDIX A

## NEUTRAL REFERENCE

Dear _____,

This letter is in reference to your request for information regarding the employment of Heather White.

Ms. White served as a Pest Control Service Representative for the ServiceMaster Company and the Terminix International Company, L.P. d/b/a Terminix in McGehee, Arkansas, from June 1, 2005 to February 8, 2008. Ms. White would be eligible for rehire. Company policy does not permit us to give out any more information concerning Ms. White's employment.

I am sure Ms. White can provide you with the details concerning her duties at the ServiceMaster Company and the Terminix International Company, L.P. I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,


_____
For The ServiceMaster Company and
The Terminix International Company, L.P.